IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LUIS MANUEL PEREZ,

   Plaintiff,

vs.

PARK ENT, LLC d/b/a
PRECISION TUNE, PARWAIZ
"PARVEZ" PANJWANI, and
ANITA PANJWANI,

   Defendants.

Civil Action File No.

## COMPLAINT

Pursuant to Fed. R. Civ. P. 7, Plaintiff Luis Manuel Perez ("Perez") brings this Complaint against Defendants Park ent, LLC d/b/a Precision Tune ("Park"), Parwaiz "Parvez" Panjwani ("P. Panjwani"), and Anita Panjwani ("A. Panjwani") (collectively "Defendants") and show the Court as follows:

**1. INTRODUCTION**

1.

This is a wage and hour case. Plaintiff brings this action because Defendants failed to pay him overtime wages as required by the FLSA.

## 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Park is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

4.

Perez resides in DeKalb County, Georgia.

5.

From May 2016 through October 30, 2016 ("the Relevant Time Period"), Perez was an "employee" of Park as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

During the Relevant Time Period, Park was an "employer" of Perez as defined in FLSA § 3(d), 29 U.S.C. §203(d).

7.

Park is a domestic limited liability company organized under the laws of the State of Georgia.

8.

Park is subject to the personal jurisdiction of this Court.

9.

Park may be served with process through its registered agent Anita Panjwani located at 4035 Embassy Way, Lilburn, Georgia 30047.

10.

P. Panjwani resides within DeKalb County, Georgia.

11.

P. Panjwani is subject to the personal jurisdiction of this Court.

12.

During the Relevant Time Period, Perez was an "employee" of P. Panjwani as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

During the Relevant Time Period, P. Panjwani was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.

P. Panjwani may be served with process at his residence located at 4035 Embassy Way, Lilburn, Georgia 30047.

15.

A. Panjwani resides within Fulton County, Georgia.

16.

A. Panjwani is subject to the personal jurisdiction of this Court.

17.

During the Relevant Time Period, Perez was an "employee" of A. Panjwani as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

18.

During the Relevant Time Period, A. Panjwani was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

19.

A. Panjwani may be served with process at 4035 Embassy Way, Lilburn, Georgia 30047.

### A. Enterprise Coverage:

20.

During the Relevant Time Period, Park was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

During 2016, Park had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2016, Park had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, Park had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During the Relevant Time Period, Park was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**B. Statutory Employer**

25.

During the Relevant Time Period, Park operated an enterprise known as Precision Tune Auto Care located at 5103 Jimmy Carter Blvd., Norcross, Georgia ("Precision").

26.

Defendants employed Perez as a mechanic and technician at Precision from approximately May 2016 through October 30, 2016.

27.

During the Relevant Time Period, P. Panjwani exercised operational control over Precison.

28.

During the Relevant Time Period, P. Panjwani exercised operational control over the work activities of Perez.

29.

During the Relevant Time Period, P. Panjwani was involved in the day to day operation of the Precision.

30.

During the Relevant Time Period, Park vested P. Panjwani with supervisory authority over Perez.

31.

During the Relevant Time Period, P. Panjwani exercised supervisory authority over Perez.

32.

During the Relevant Time Period, P. Panjwani scheduled Perez's working hours or supervised the scheduling of Perez's working hours.

33.

During the Relevant Time Period, P. Panjwani exercised authority and supervision over Perez's compensation.

34.

During the Relevant Time Period, A. Panjwani was an owner and/or corporate officer Park

35.

During the Relevant Time Period, A. Panjwani operated Precision.

36.

During the Relevant Time Period, A. Panjwani exercised operational control over the work activities of Perez.

37.

During the Relevant Time Period, A. Panjwani was involved in the day to day operation of the Precision.

38.

During the Relevant Time Period, Park vested A. Panjwani with supervisory authority over Perez.

39.

During the Relevant Time Period, A. Panjwani exercised supervisory authority over Perez.

40.

During the Relevant Time Period, A. Panjwani scheduled Perez's working hours or supervised the scheduling of Perez's working hours.

41.

During the Relevant Time Period, A. Panjwani exercised authority and supervision over Perez's compensation.

42.

At all times during the Relevant Time Period, P. Panjwani and A. Panjwani shared control over the employment practices and procedures of Park.

43.

During the Relevant Time Period, Perez was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

44.

During the Relevant Time Period, Park did not employ Perez in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

45.

During the Relevant Time Period, Park did not employ Perez in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

46.

During the Relevant Time Period, Park did not employ Perez in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

47.

During the Relevant Time Period, Park did not employ Perez in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

48.

During the Relevant Time Period, Perez was not exempt from the Maximum Hours requirements of the FLSA by reason of any exemption.

d. **Additional Allegations**

49.

Upon hire, Defendants advised Plaintiff that he would be compensated at a rate of $600.00 per week plus commissions.

50.

Defendants paid Perez in cash for the work he performed for Defendants at Precision during his first three weeks of employment.

51.

After Perez's first weeks of employment through October 30, 2016, Defendants compensated Perez at a rate of $532.

52.

Defendants advised Plaintiff that they were withholding the difference between $600 and $532 (i.e. $68) for taxes.

53.

During approximately the last three weeks of October 2016, Defendants paid Perez $557 per week.

54.

During the Relevant Time Period, Defendants failed to pay Perez commissions.

55.

Upon hire, Defendants advised Perez that his regular scheduled hours would be from 8:00 a.m. through 6:00 p.m. Monday, Tuesday, Wednesday, Thursday and Saturday and on Sunday from 10:00 a.m. through 5:00 p.m. for a total of 55 hours.

56.

During the Relevant Time Period, Defendants failed to provide Perez with a break of thirty minutes or longer for the purpose of consuming a regular meal.

57.

During the Relevant Time Period, Defendants deducted a 30 minute lunch break from Perez's working hours each work day regardless of whether or not he took a lunch break.

58.

At all times during the Relevant Time Period, Perez regularly worked in excess of 40 hours during each work week.

59.

During the Relevant Time Period, Perez regularly worked an average of 67.5 hours during each work week.

60.

At all times during the Relevant Time Period, Defendants failed to pay Perez at one-and-one-half times his regular rate for work performed in excess of 40 hours in a workweek.

### COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

61.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

62.

During the Relevant Time Period, Perez was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

63.

From May 2016 through October 30, 2016, Perez regularly worked in excess of forty (40) hours each week.

64.

Defendants failed to pay Perez at one and one half times his regular rate for work in excess of forty (40) hours for all work weeks from May 2016 through October 30, 2016.

65.

Defendants willfully failed to pay Perez at one and one half times his regular rate for work in excess of forty (40) hours in all work weeks from May 2016 through October 30, 2016.

66.

Perez is entitled to payment of due but unpaid overtime compensation in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.

As a result of the underpayment of overtime compensation as alleged above, Perez is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Perez is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation from May 2016 through October 30, 2016 due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC*

| | |
|---|---|
| 3100 Centennial Tower | */s/Charles R. Bridgers* |
| 101 Marietta Street | Charles R. Bridgers |
| Atlanta, Georgia 30303 | Ga. Bar No. 080791 |
| (404) 979-3150 | |
| (404) 979-3170 (f) | */s/ Kevin D. Fitzpatrick, Jr.* |
| kevin.fitzpatrick@dcbflegal.com | Kevin D. Fitzpatrick, Jr. |
| charlesbridgers@dcbflegal.com | Ga. Bar No. 262375 |

Counsel for Plaintiff